IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDGAR R. COLORADO US & FRANCISCA JEREZ ROMAN, on behalf of themselves and other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Defendant,<br><br>TAQ DF LLC, Javier Tovar Hernández, and Dionisia Flores Nuñez | Case No.:<br><br>District Judge:<br><br>Magistrate Judge:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Edgar R. Colorado Us and Francisca Jerez Roman, through their attorney, Harold Weiser, III, file this Collective Action Complaint against Defendants, TAQ DF LLC, Javier Tovar Hernández and Dionisia Flores Nuñez.

## NATURE OF THE ACTION

1. This is an action by Edgar R. Colorado Us and Francisca Jerez Roman ("Plaintiffs") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiff was employed as a manual laborer by Defendants, TAQ DF LLC, Javier Tovar Hernández and Dionisia Flores Nuñez ("Defendants"). While working for the Defendants, Plaintiffs were not paid one-and-a-half times their regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiff seeks to recover from Defendant unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated

employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. *Id*.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Edgar R. Colorado Us

5. Plaintiff is a resident of Louisiana.

6. Plaintiff, Edgar R. Colorado Us, was hired by Defendants in approximately the week beginning in August 22, 2021, and worked for Defendants until approximately the week beginning in June 12, 2022.

7. Plaintiff, Edgar R. Colorado Us, worked for Defendants performing labor at TAQ DF LLC under the brand, "Taquería D.F.," located at 603 Veteran Memorial Boulevard, Suite D, Kenner, Louisiana 70062.

8. Plaintiff, Edgar R. Colorado Us, worked as a prep cook. In connection therewith, Plaintiff performed duties related to preparing food, chopping, mixing, cooking and other culinary duties.

9. For the entirety of his employment, Defendants paid Plaintiff, Edgar R. Colorado Us, $12.00 per hour. For every hour that he worked in excess of forty in any particular week he was still only paid $12.00.

10. At all relevant times, Plaintiff, Edgar R. Colorado Us, and the members of the proposed Plaintiff Class were "employees" of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Plaintiff Francisca Jerez Roman

11. Plaintiff, Francisca Jerez Roman, is a resident of Louisiana.

12. Plaintiff, Francisca Jerez Roman, was hired by Defendants in approximately the week beginning in August 22, 2021, and worked for Defendants until approximately the week beginning in June 12, 2022.

13. Plaintiff, Francisca Jerez Roman, worked for Defendants performing labor at TAQ DF LLC, located at 603 Veteran Memorial Boulevard, Suite D, Kenner, Louisiana 70062.

14. Plaintiff, Francisca Jerez Roman, worked as a prep cook. In connection therewith, Plaintiff performed duties related to preparing food, chopping, mixing, cooking and other culinary duties. She also performed some front-of-house duties such as clearing and bussing tables, cleaning floors, interacting with customers, and other duties associated with the front-of-house.

15. For the entirety of her employment, Defendants paid Plaintiff, Francisca Jerez Roman, $12.00 per hour. For every hour that she worked in excess of forty in any

particular week she was still only paid $12.00.

16.     At all relevant times, Plaintiff, Francisca Jerez Roman, and the members of the proposed Plaintiff Class were "employees" of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e).

**Defendants TAQ DF LLC, Javier Tovar Hernández and Dionisia Flores Nuñez**
**TAQ DF LLC**

17.     TAQ DF LLC is an active limited liability company organized under the laws of Louisiana with its principal place of business in Kenner, Louisiana. TAQ DF LLC is a restaurant that specializes in Mexican and Latin-American cuisine in the Greater New Orleans Area. Their hours of operation are from 7am to 10pm, Monday through Friday, and they have one shift change.

18.     TAQ DF LLC supervised the day-to-day work activities of Plaintiffs.

19.     TAQ DF LLC determined Plaintiffs' work schedule for the employment at issue herein.

20.     TAQ DF LLC maintained an employment file for Plaintiffs and a notebook that tracked the hours worked.

22.     TAQ DF LLC paid Plaintiffs in cash exactly $12.00 per hour with no overtime paid.

23.     TAQ DF LLC did not withhold any Medicaid, Social Security, or income tax from Plaintiffs' income.

24.     TAQ DF LLC is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for

commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

25.     TAQ DF LLC is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### JAVIER TOVAR HERNANDEZ

26.     Javier Tovar Hernández is a natural person of full age and majority, domiciled in the parish of Jefferson, State of Louisiana. His residence is 3447 Loyola Drive, Kenner, Louisiana 70065.

27.      Javier Tovar Hernández is the Owner, President, Operator, and Director of Defendant of TAQ DF LLC.

28.     Javier Tovar Hernández operates TAQ DF LLC as his alter ego.

29.     At all pertinent times herein Defendant, Javier Tovar Hernández, had the authority to hire and fire TAQ DF LLC's employees, including the Plaintiffs herein.

30.     At all pertinent times herein Defendant, Javier Tovar Hernández, maintained executive authority over the jobs TAQ DF LLC's employees were provided, including the location, duration, and rate-of-pay for those jobs.

### DIONISIA FLORES NUNEZ

31.     Dionisia Flores Nuñez is a natural person of full age and majority, domiciled in the parish of Jefferson, State of Louisiana. Her residence is 3447 Loyola Drive, Kenner, Louisiana 70065.

32.     Dionisia Flores Nuñez is also known as Patricia "Patty" Flores by her workers and acquaintances.

33.     Dionisia Flores Nuñez is the Owner, President, Operator, and Director of Defendant of TAQ DF LLC.

34.     Dionisia Flores Nuñez operates TAQ DF LLC as her alter ego.

35.     At all pertinent times herein Defendant, Dionisia Flores Nuñez, had the authority to hire and fire TAQ DF LLC's employees, including the Plaintiffs herein.

36.     At all pertinent times herein Defendant, Dionisia Flores Nuñez, maintained executive authority over the jobs TAQ DF LLC's employees were provided, including the location, duration, and rate-of-pay for those jobs.

## FACTUAL ALLEGATIONS

37.     Defendant is a restaurant that specializes in Mexican and Latin-American cuisine that provides food services to clients throughout the Greater New Orleans Area.

## COLLECTIVE ACTION COMPLAINT

38.     Defendant employed Plaintiffs to provide labor at the restaurant in Kenner, Louisiana. Defendant employed at least forty laborers at the restaurant located at 603 Veterans Memorial Boulevard.

39.     Plaintiffs normally worked more than 40 hours per week for Defendants. On average, Plaintiff worked at least 60 hours per week. Defendant often required Plaintiffs to work at least six days per week.

40.     Plaintiffs were usually paid by cash with a pay stub from the aforementioned notebook.

41.     Defendants never paid Plaintiffs one-and-half times their hourly rate for all hours worked in excess of forty in a workweek.

42.   Defendants willfully violated Plaintiffs' rights under the FLSA because Defendants knew or showed reckless disregard for the fact that its compensation practices violated the FLSA.

43.   Defendants are and were aware of the custom and practice of overtime pay from their experience and expertise in the industry in which it works.

## COLLECTIVE ACTION ALLEGATIONS

44.   Defendants paid the named Plaintiffs and other similarly situated employees at an hourly rate for work performed.

45.   Defendants treated the named Plaintiffs and other similarly situated employees as exempt from the FLSA's overtime requirements.

46.   When the named Plaintiffs and other similarly situated employees worked for Defendants, they were not exempt from the FLSA's overtime requirement.

## COUNT ONE

### Fair Labor Standards Act – FLSA Overtime Class

47.   Plaintiffs incorporates by reference each of the preceding allegations as though fully set forth herein.

48.   Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of themselves and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of

forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

49. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiffs and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least August 2021, and continuing until June 2022.

50. As a consequence of Defendants' FLSA violations, Plaintiffs and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

### PIERCIENG THE CORPORATE VEIL — JAVIER TOVAR'S AND DIONISIA FLORES NUNEZ' PERSONAL LIABILITY

51. Paragraph 1-50 are incorporated by reference as if fully state herein.

52. Javier Tovar Hernández and Dionisia Flores Nuñez transacted business on behalf of TAQ DF LLC on a personal level, and are personally liable for all of the debts incurred by TAQ DF LLC.

53. Defendant Javier Tovar Hernández is personally liable for all the debts of TAQ DF LLC owed to Plaintiffs because:

    A. Javier Tovar Hernández is the sole or primary shareholder/member and the primary manager of TAQ DF LLC.

    B. TAQ DF LLC was created as an entity in an effort to avoid liability.

    C. Javier Tovar Hernández and TAQ DF LLC disregard the requisite corporate formalities, and TAQ DF LLC is not distinguishable from Javier

Tovar Hernández.

    D.    Javier Tovar Hernández comingles his personal funds with those of TAQ DF LLC.

    E.    Javier Tovar Hernández does not follow any statutory formalities for incorporating and transacting corporate affairs.

    F.    TAQ DF LLC is not adequately capitalized.

54. Defendant Dionisia Flores Nuñez also known by her workers as Patricia "Patty" Flores is personally liable for all the debts of TAQ DF LLC owed to Plaintiffs because:

    A.    Dionisia Flores Nuñez is the sole or primary shareholder/member and the primary manager of TAQ DF LLC.

    B.    TAQ DF LLC was created as an entity in an effort to avoid liability.

    C.    Dionisia Flores Nuñez and TAQ DF LLC disregard the requisite corporate formalities, and TAQ DF LLC is not distinguishable from Dionisia Flores Nuñez.

    D.    Dionisia Flores Nuñez comingles his personal funds with those of TAQ DF LLC.

    E.    Dionisia Flores Nuñez does not follow any statutory formalities for incorporating and transacting corporate affairs.

    F.    TAQ DF LLC is not adequately capitalized.

## **ALLEGATIONS OF FRAUD AND DECEIT**

55. Javier Tovar Hernández and Dionisia Flores Nuñez through their alter ego, TAQ DF LLC, were deceitful to Plaintiffs and other similarly situated individuals by taking advantage of their limited-English comprehension and limited understanding of common labor law thereby defrauding them out of their overtime pay.

## **PRAYER FOR RELIEF**

Plaintiffs ask the court to enter judgment in their favor against Defendants and issue an order:

    a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

    b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

    c. Declaring that Defendants' conduct violated the FLSA;

    d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

    e. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

    f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

    g. Awarding such other general and equitable relief as this Court deems equitable and just.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

Respectfully submitted,

**THE WEISER LAW FIRM, LLC**

*/s Harold E. Weiser*
Harold E. Weiser (La. Bar # 32762)
3801 Canal St., Suite 205
New Orleans, La.70119
Phone: (504) 358-2273
Fax: (888) 778-1541
Email: weiserlawfirm@gmail.com

11