UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDGAR R. COLORADO US and FRANCISCA JEREZ ROMAN,<br>　*Plaintiffs*<br><br>VERSUS<br><br>TAQ DF LLC, JAVIER TOVAR HERNANDEZ and DIONISIA FLORES NUNEZ,<br>　*Defendants* | CIVIL ACTION<br>NO. 22-4368<br><br>SECTION:  "M" (1)<br><br>JUDGE BARRY W. ASHE<br><br>MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

ORDER

Before the Court is the plaintiffs' Motion to Hold Defendants in Contempt and for Other Sanctions. (Rec. Doc. 24). Because defendants continue to fail to respond to discovery and have disobeyed a Court order to do so, the Motion is GRANTED.

Background

Plaintiffs Edgar R. Colorado Us and Francisca Jerez Roman initiated this Fair Labor Standards Act lawsuit on November 2, 2022, to recover unpaid overtime wages. They allege that they worked as manual laborers for defendants TAQ DF LLC ("TAQ DF"), Javier Tovar Hernández, and Dionisia Flores Nuñez. During the relevant period, TAQ DF was operating as Taquería D.F. in Kenner, Louisiana. Both Us and Roman allege that they worked as prep cooks from approximately August 22, 2021, through June 12, 2022. They allege that they were paid $12 per hour, even when they worked over 40 hours a week. Hernández and Nuñez are alleged to be the owner, president, operator, and director of TAQ DF, and they allegedly operate TAQ DF as their alter ego.

　　Hernández and Nuñez were served and filed their Answer on January 9, 2023. Plaintiffs have served TAQ DF, but it has not made an appearance. Default has been entered. However,

1

plaintiffs have not moved for default judgment. The District Court set a deadline for plaintiffs to pursue default judgment or face dismissal of their claims against TAQ DF, which has been extended twice and is now set on November 15, 2023.

Meanwhile, plaintiffs filed a Motion to Compel Hernández and Nuñez to respond to their discovery requests. The individual defendants did not timely file an opposition and the Court granted the motion unopposed on August 16, 2023, requiring Hernández and Nuñez to produce responses to plaintiffs' interrogatories and requests for production of documents within seven days and deeming the requests for admission admitted.

On September 20, 2023, plaintiffs filed the present Motion to Hold Defendants in Contempt and for Other Sanctions. They report that Hernández and Nuñez have still not responded to their interrogatories and requests for production. They ask this Court to sanction Hernández and Nuñez by ordering them to appear in court to answer plaintiffs' discovery under oath and for an award of attorneys' fees for their counsel's time spent trying to obtain discovery responses in the amount of $1,143.96. Hernández and Nuñez did not oppose the motion to hold them in contempt.[1]

Law and Analysis

*1. Discovery Sanctions*

"If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. Proc. 37(b)(2)(A).  Possible sanctions include treating the failure as contempt of court, directing that certain facts be taken as established for purposes of the action, or prohibiting a

---

[1] Despite failing to timely file an opposition memorandum, it appears defense counsel intended to appear for oral argument on October 4, 2023 at 11:00 a.m.:  He called at 10:10 a.m. the same day to report that he had been hailed into another court for another case and would not be able to timely appear at 11:00 a.m. This Court cancelled oral argument and now resolves the motion in the briefs. Because defendants have had an opportunity to be heard by filing an opposition memorandum but failed to do so, plaintiffs' Motion is considered unopposed.

disobedient party from opposing designated claims. Id.  "[A] party seeking an order of civil contempt must establish by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order." Johnson-Richardson v. Tangipahoa Par. Sch. Bd., No. CIV.A. 12-0140, 2014 WL 1329943, at *2 (E.D. La. Apr. 2, 2014).

In addition to or instead of one of the sanctions enumerated in Rule 37(b)(2)(A), the court may order "the disobedient party, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Id. R. 37(b)(2)(C).

"[U]sually . . . a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case." Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 488 (5th Cir. 2012) (quoting Pressey v. Patterson, 898 F.2d 1018, 1021 (5th Cir. 1990)). "Lesser sanctions do not require a finding of willfulness." Id.  But even an award of attorney's fees is penal in nature. Batson v. Neal Spelce Assocs., Inc., 765 F.2d 511, 516 (5th Cir. 1985). As the Fifth Circuit explained, such an award "it is designed to penalize those who engage in the charged conduct and to deter others who might be tempted to follow in similar conduct." Id.  Importantly, when awarding attorney's fees, the Court can only order payment of those expenses actually "caused by the failure to comply." Id.

2. *Analysis*

The Court finds that Hernández and Nuñez are in contempt.  On August 16, 2023, the Court ordered Hernández and Nuñez to respond to plaintiffs' discovery requests within seven days. Plaintiffs assert that Hernández and Roman did not comply. And Hernández and Nuñez have not

opposed this assertion. The Court finds that Hernández and Nuñez have disobeyed the Court's discovery order. They are, therefore, in contempt.

Further, the Court finds the sanctions requested by plaintiffs are reasonable and tailored to the circumstances. Defendants Hernández and Nuñez shall be required to personally appear in open Court to be sworn in and to respond to plaintiffs' Interrogatories under oath. They shall bring documents responsive to the requests for production with them.

Additionally, plaintiffs are entitled to their reasonable attorneys' fees incurred in attempting to obtain the discovery, including preparing for this Motion and the original motion to compel. The Court has reviewed plaintiffs' counsel's request for $1,143.96 in attorneys' fees and costs, which is supported by an affidavit and a detailed description of the time spent. The Court finds the time spent and the hourly rate of $300 are reasonable. Moreover, the Court will award an additional $300 for the time spent by counsel preparing for the hearing, which had to be cancelled at the last minute due to defense counsel's scheduling conflict.

## Conclusion

For the foregoing reasons, plaintiffs' Motion to Hold Defendants in Contempt and for Other Sanctions (Rec. Doc. 24) is GRANTED. Defendants Javier Tovar Hernández, and Dionisia Flores Nuñez have been found to be in contempt of Court for failing to comply with the August 16, 2023, discovery order. They are hereby ordered to appear on **October 18, 2023, at 11:00 a.m.**, in open Court before the undersigned, Magistrate Judge Janis van Meerveld, Courtroom B-309, Hale Boggs Building, 500 Poydras Street, New Orleans, Louisiana 70130, to be sworn in and to answer plaintiffs' Interrogatories. Hernández and Nuñez are further ordered to bring documents responsive to plaintiffs' Requests for Production with them to Court.[2] They are further ordered to

---

[2] Plaintiffs shall reserve a room in the Michaelle Pitard Wynne Attorney Conference Center located in Room B-245 on the second floor of the Hale Boggs Federal Building by contacting Elena Perez, Executive Director at 504-589-

pay plaintiffs' reasonable attorneys fees in the amount of $1,443.96. Defendants are further cautioned that their failure to comply with these orders may result in further sanctions, including but not limited to fines, jail time, or default judgment, and/or may result in the issuance of a bench warrant to secure their appearance in Court.

New Orleans, Louisiana, this 4th day of October, 2023.

_____
Janis van Meerveld
United States Magistrate Judge

---

7990/fbaneworleans@gmail.com and shall arrange for a private court reporter to attend. After defendants have been sworn in, the parties shall proceed to the reserved room to conduct the questioning.